**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 1:13-CR-50** |
| | § | |
| **MAGDALENO MARTINEZ** | § | |

### REPORT AND RECOMMENDATION ON PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed September 17, 2013, alleging that the Defendant, Magdaleno Martinez, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

Martinez was sentenced on February 13, 2013, before the Honorable Jorge A. Solis, of the Northern District of Texas after pleading guilty to the offense of escape from federal custody, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. Martinez was subsequently sentenced to 13 months' imprisonment subject to the standard conditions of release, plus special conditions to include: drug treatment and a $100 special assessment.

## II.  The Period of Supervision

On March 10, 2013, Martinez completed his period of imprisonment and began service of the supervision term.  On August 9, 2013, jurisdiction was transferred from Texas Northern District to Texas Eastern District.

## III.  The Petition

United States Probation filed the instant Petition for Warrant for Offender Under Supervision alleging six violations:

> 1.  That Martinez violated a mandatory condition of release by committing another federal, state, or local crime, to wit: Martinez was arrested by the Jefferson County Sheriff's Office on April 25, 2013, for possession of a controlled substance. Documents provided by the Jefferson County Sheriff's Office indicate that on April 25, 2013, the offender was stopped on a traffic violation by a deputy of the Jefferson County Sheriff's Office.  Upon making contact with the driver, later identified as Martinez, the officer requested and was granted permission to search the offender and the vehicle.  The officer later discovered a small bag containing a white powdery substance, which later tested positive for cocaine.  Martinez was arrested and transported to Jefferson County Jail for processing, and this case remains open for processing.

> 2 and 3.  That Martinez violated a mandatory condition of release by failing to refrain from any unlawful use of a controlled substance, and violated a standard condition that he shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, to wit: On May 8, 2013, Martinez submitted a urine specimen which subsequently tested positive for the presence of cocaine.

> 4.  That Martinez violated a standard condition of release by failing to work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons, to wit: On August 27, 2013, contact was made with Martinez's employer, Rolando, and he stated that Martinez had not worked for him for the past 2 weeks.  He stated that he had heard that Martinez returned to Eagle Pass, Texas.  Martinez had failed to report that he was no longer employed.

> 5.  That Martinez violated a standard condition of release by failing to notify the probation office ten days prior to any change of residence or employment, to wit:

On or about August 6, 2013, Martinez left his residence, The HOW Center, a privately owned halfway house, located at 2509 Cable Avenue, Beaumont, Texas 77703. He has not reported his move or current location to the U.S. Probation Office. He current whereabouts were unknown at the time the petition was filed.

6. That Martinez failed to submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency, which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. The defendant may be required to contribute to the cost of the service rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay, to wit: On April 3, 2013, Martinez failed to report for his substance abuse assessment appointment with Simon Counseling and Consultants.

## IV. Proceedings

On May 30, 2014, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the second allegation, which asserted that he failed to refrain from any unlawful use of a controlled substance.

The undersigned recommends that the court revoke the Defendant's supervised release and impose a sentence of fourteen (14) months' imprisonment, with no term of supervised release to follow.

## V. Principles of Analysis

If the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the

Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class D felony; therefore, the maximum imprisonment sentence is 2 years.

According to Title 18 U.S.C. § 3583(g)(1), if a defendant possesses a controlled substance in violation of the conditions set forth in subsection (d), the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3). The original offense of conviction was a Class D felony, therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that Martinez violated conditions of supervision by failing to refrain from any unlawful use of a controlled substance, he will be guilty of committing a grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may revoke probation or supervised release; or extend the term of probation or supervised release, and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) indicates that the applicable revocation imprisonment range, based on a Grade C violation and a criminal history category of VI, is 8 to 14 months.

In determining the Defendant's sentence, the court shall consider:

1.     The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2.     The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other

corrective treatment in the most effective manner; <u>see</u> 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.      Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. 3553(a)(4); <u>see also</u> 28 U.S.C. § 924(A)(3);

4.      Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; <u>see</u> 18 U.S.C. § 3553(a)(5); and

5.      The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by failing to refrain from any unlawful use of a controlled substance. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade B violation, and his criminal history category is VI. Policy guidelines suggest 8 to 14 months' imprisonment.

The Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision by failing to refrain from any unlawful use of a controlled substance. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will

best be served by a sentence of fourteen (14) months' imprisonment, with no term of supervised release to follow.

### VII.  Recommendations

1.  The court should find that the Defendant violated a mandatory condition of supervised release by failing to refrain from any unlawful use of a controlled substance;

2.  The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3.  The Defendant should be sentenced to a term of fourteen (14) months' imprisonment, with no term of supervised release to follow.

4.  The Defendant has requested to serve his term of imprisonment at the Federal Correctional Complex (FCC) in Seagoville, Texas or Bastrop, Texas, to facilitate family visitation.  The court should recommend either facility if deemed appropriate by the Bureau of Prisons.

### VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence.  Therefore, the court may act on the report and recommendation immediately.

SIGNED this 30th day of May, 2014.

Zack Hawthorn
United States Magistrate Judge